FILED
2014 Aug-13 AM 10:08
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### MIDDLE DIVISION

|  |  |  |
|---|---|---|
| MAJOR ANDERSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.:  4:13-cv-00102-LSC-SGC |
| | ) | |
| STATE OF ALABAMA, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM OPINION

On March 18, 2014, the magistrate judge entered a report and recommendation recommending the petition for a writ of habeas corpus filed by Petitioner, Major Anderson ("Anderson"), pursuant to 28 U.S.C. § 2254 was due to be denied.  (Doc. 24).   Anderson was advised he had fourteen days to object to the report and recommendation.  (*Id.*).  Anderson requested and was granted an extension of time to file his objections.  (Doc. 25; docket entry dated March 28, 2014).  On April 14, 2014, Anderson filed a pleading styled as "Motion to Show Cause That This Court Has Appellate Jurisdiction."  (Doc. 26).  On April 22, 2014, Anderson filed another pleading styled as "Motion to Show Cause That This Court Has Appellate Jurisdiction."  (Doc. 27).  Anderson's April 22nd pleading appears to be identical to

his April 14th pleading in substance but with six exhibits attached. (*See* Docs. 26, 27). The exhibits consist of three documents that were attached to Anderson's previous submissions to the court, as well as three legal cases. The court will treat his filings as objections to the report and recommendation.

To the extent Anderson's filings are construed as objections to the report and recommendation, they largely restate the substantive claims Anderson made in his petition, which he supplemented twice. (*See* Docs. 1, 10, and 11). The magistrate judge declined to reach these claims on the grounds they were time-barred pursuant to 28 U.S.C. § 2244(d)(1). To the extent Anderson asserts new substantive claims, they, too, are time-barred.

To the extent Anderson is attempting to argue his actual innocence overcomes the expiration of the statute of limitations, he has failed to persuade the court. In *McQuiggin v. Perkins*, 131 S. Ct. 1924 (2013), the Supreme Court held a showing of "actual innocence" as applied in *Schlup v. Delo*, 513 U.S. 298 (1995), and *House v. Bell*, 547 U.S. 518 (2006), can overcome the statute of limitations imposed by 28 U.S.C. § 2244(d)(1). The Court cautioned, however, "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting

reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 1928 (quoting *Schlup*, 513 U.S. at 329) (citing *House*, 547 U.S. at 538).  The Court clarified "'the timing of the [petition]' is a factor bearing on the 'reliability of th[e] evidence' purporting to show actual innocence." *Id.* (quoting *Schlup*, 513 U.S. at 332).  "[A] federal habeas court, faced with an actual-innocence claim, should count unjustifiable delay on a habeas petitioner's part, not as an absolute barrier to relief, but as a factor in determining whether actual innocence has been reliably shown." *Id.*  "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id.* at 1935.

The bases of Anderson's actual innocence claim are (1) his conclusory assertions that he is innocent and that there was a general absence of evidence, including forensic evidence, to connect him to the crime; and (2) what he claims are the statements of Andragust Torrance and Nathaniel Kelly, which he attached to several of his submissions to the court.  The statement of Andragust Torrance states:

> On Jan 8, 2001 I Andragust Torrance told detectives that Mr. Major Anderson was the alleged murderer of the late Cameron Frazier; but my statement was false.  I was scared that I would be wrongfully charged with death of Cameron Frazier.  I cannot place Major Anderson at the scene because I myself can say that I saw him because I did not.  My apologies goes to Major Anderson, and his Family, and also anyone else who got hurt in the process.

(Doc. 1 at 51) (errors in original).  The statement is dated "8/15/01."  (*Id.*).  The purported statement of Nathaniel Kelly reads, "Nathaniel Kelly—(vic "cousin) said that vic was with someone named Moon & Ben."[1]  (Doc. 1 at 51-52) (errors in original).  Included on the two sheets of paper on which the purported statements of Torrance and Kelly appear is the following statement: "Ben Patterson shot and killed Cameron Frazier the night of January 5, 2001 NOT Major Anderson.  (*Id.* at 52 (emphasis in original)).

Anderson's conclusory assertions of his innocence do not persuade the court that no reasonable juror would have voted to find him guilty beyond a reasonable doubt.  Nor do the purported statements of Torrance or Kelly so persuade the court. "'[T]o be credible a gateway claim requires 'new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial.'"  *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 324).  Anderson's conclusory assertions are not newly discovered evidence.  Nor does it appear that the purported statements of Torrance or Kelly are newly discovered evidence.  Anderson was convicted on two counts of capital murder on January 30, 2002.  Torrance's purported statement is dated August 15, 2001.  (*Id.* at 51).  There is no date following Kelly's purported statement (*id.* at 51-52), although

---

[1] Anderson claims "Moon" is Torrance, and "Ben" is Ben Patterson.  (Doc. 1 at 31; Doc. 10 at 4; Doc. 11 at 6).

Anderson claims it was made "[i]n [the] same statement [as] Andragust Torrance." (*Id.* at 20; *see also* Doc. 11 at 6). Thus, although Anderson generally claims he became aware of newly discovered evidence "within [s]ix months of filing his Rule 32 petition" (Doc. 1 at 33), the purported statements—or, at least, Torrance's purported statement—predates Anderson's conviction, and it appears the "newly discovered evidence" was substantially available to Anderson at the time of trial. Even assuming Anderson did not learn of the purported statements or the information contained therein until "within [s]ix months of filing his Rule 32 petition," he offers no explanation as to why he waited nearly eight years after the expiration of the statute of limitations imposed by § 2244(d)(1) to present them to this court.

Furthermore, the statements are not witnessed. There is some question as to whether Kelly's purported statement was even made by him, given its passive tense and the apparent lack of a signature. Finally, it is unclear to whom the statement "Ben Patterson shot and killed Cameron Frazier the night of January 5, 2001 <u>NOT</u> Major Anderson" may be attributed. The statement comes after the purported statements of Torrance and Kelly, there is no signature following it, and Anderson describes it merely as "[a]nother statement that was on that affidavit." (*Id.* at 31, 52; *see also* Doc. 11 at 6).

Accordingly, to the extent Anderson's filings are construed as objections, his objections are due to be overruled.

Having carefully reviewed and considered de novo all the materials in the court file, the court is of the opinion the magistrate judge's findings are due to be and are hereby **ADOPTED** and his recommendation is **ACCEPTED**. To the extent Anderson's filings are construed as objections to the report and recommendation, such objections are hereby **OVERRULED**. To the extent Anderson's filings are construed as motions, they are hereby **DENIED**. Accordingly, the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE**. A Final Judgment will be entered contemporaneously herewith.

Done this 13th day of August 2014.

L. Scott Coogler
United States District Judge

[160704]